IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ALICE STANDIFER | § | |
| | § | |
| vs. | § | CIVIL ACTION |
| | § | |
| | § | NO. _____ |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Dolgencorp of Texas, Inc. ("Dolgencorp"), the Defendant herein, respectfully submits the following notice of removal.

**I.**

Dolgencorp is the Defendant in litigation now pending in the 414th District Court of McLennan County, Texas, Cause No. 2022-1155-5, styled *"Alice Standifer v. Dolgencorp of Texas, Inc."* The suit filed against Dolgencorp is a civil action seeking damages for personal injury arising out of an alleged slip-and-fall that allegedly occurred on May 15, 2020, on premises owned and operated by Defendant in Waco, McLennan County, Texas.

**II.**

Both at the time of the filing of Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Plaintiff was, is, and continuously has been an individual citizen of the State of Texas with her place of residence in the state of Texas. Both at the time of filing Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Defendant Dolgencorp was, is, and continuously has been a corporation organized and existing under the laws of the State

**NOTICE OF REMOVAL – Page 1**

of Kentucky and having its principal place of business in the State of Tennessee.  Thus, Defendant is a corporate citizen of the states of Kentucky and Tennessee.

## III.

At the time Defendant filed its Answer in this suit on June 6, 2022, Defendant had no reason to believe that the amount in controversy in this case exceeded the sum of $75,000, in part because Defendant had not been provided any of Plaintiff's medical records or bills as of that date. In addition, Plaintiff in her Original Petition expressly alleged: "Plaintiff further pleads that the amount in controversy is not greater than $75,000.00." *Plaintiff's Original Petition,* p. 2, ¶ 6.[1] Plaintiff did not, however, file a stipulation or binding affidavit with the petition.

## IV.

Notwithstanding the foregoing allegation, on December 15, 2022, the undersigned attorneys for Defendant received a settlement demand from Plaintiff's counsel in the sum of $120,000, a copy of which is attached hereto as Exhibit A (but without the 330 pages of attached medical records). The receipt of the settlement demand is clearly inconsistent with the Plaintiff's allegation "that the amount in controversy is not greater than $75,000.00."

According to the medical records and bills filed by Plaintiff in this case on August 31, 2022, she has not received any medical treatment since December 2020, which is well before this suit was filed on April 12, 2022.  Defendant submits that the Plaintiff's demand is clearly inconsistent with the aforesaid allegation in Plaintiff's Petition, and demonstrates that the

---

[1]    Defendant had not been provided any of Plaintiff's medical records or bills prior to the filing of this lawsuit. Defendant first received copies of same on or about August 31, 2022.  Plaintiff's medical bills produced to Defendant total $20,654.25.

**NOTICE OF REMOVAL – Page 2**

allegation was made in bad faith for the improper purpose of preventing Defendant from removing this case to federal court.

This Notice of Removal is filed within 30 days of its receipt of the demand and within one year from the date of the service of citation on Defendant. Therefore, the removal is timely.

**V.**

As the Fifth Circuit Court of Appeals said in *Morgan v. Huntingon Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018), if a case stated by the initial pleading is not removable, a defendant can remove without 30 days after receipt of a copy of "an amended pleading, motion *or other paper* from which it may first be ascertained that the case is one or which is or has become removable." *Id.* at 607, quoting 28 U.S.C. §1446(b)(3). In the *Morgan* case, the facts supporting removal came out in a deposition. Following receipt of the deposition transcript, Defendants removed the case to federal court. The trial court granted a motion to remand on the basis that the removal was not timely, but the Fifth Circuit disagreed, holding that the clock on removal began to run on the date the Defendants received the deposition transcript, which constituted "other paper" under the removal statute.

As the Fifth Circuit also noted, the "purpose of the removal statute" is "to encourage prompt resort to federal court when the defendant first learns" of the facts supporting removability. *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). In the instant case, Defendant did not have a good faith reason to believe that this case was removable to federal court when it was served with this suit. Defendant first learned of the facts supporting removability upon its receipt of the aforesaid demand letter from Plaintiff's counsel on December 15, 2022. The demand

NOTICE OF REMOVAL – Page 3

letter clearly constitutes "other paper" 28 U.S.C. §1446(b)(3). Indeed, the court in the *Addo* case addressed this issue as follows: "Holding that a ***post-complaint letter***, which is not plainly a sham, may be 'other paper' under § 1446(b) is consistent with the purpose of the removal statute …." *Id*. at 762.

One of the issues addressed in *Addo* was the same as the one presented here, where a demand letter was received after suit was filed that contained for the first time a demand in excess of $75,000. While the defendant in *Addo* did not remove the case within 30 days of its receipt of that demand letter, and thus its removal was deemed to be untimely, the Court affirmed that a defendant's receipt of a post-complaint demand letter constitutes receipt of "other paper" under §1446(b). *Id*. at 762. In addition, the plaintiff's demand letter was deemed to comply with the Fifth Circuit's rule that "other paper" must result from a voluntary act of the plaintiff which gives the defendant notice of the changed circumstances which now support federal diversity jurisdiction. *Id*.

Therefore, Defendant's removal is timely.

## VI.

Plaintiff's settlement demand is proper evidence in determining the amount in controversy. S*ee, e.g., Stramel v. G.E. Capital Small Bus. Fin. Corp.*, 955 F. Supp. 65, 68 (E.D. Tex. 1997) (settlement demand letter was properly considered in determining whether case was removable); *Carnahan v. Southern Pacific R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-1432 (E.D. Tex. 1995) ("This Court finds that the defendant has proven by a preponderance of the evidence that, as of the date of removal, the amount in controversy likely exceeded $50,000. * * * As economics help us

understand, the rational amount for which one is willing to settle is generally less than the maximum jury award that is reasonably plausible at the conclusion of a successful trial. From an economic viewpoint, then, clearly there is greater than $50,000 in controversy."); *Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1364 (M.D. Fl. 1998) (courts examine pre-removal settlement demands on an individual basis to determine if they provide a candid assessment of the amount likely to be recovered at trial); *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450-1454 (S.D. Al. 1997) (stating in denial of Plaintiff's Motion to Remand, "If plaintiffs are willing to settle the case for the sum of $70,000, then it follows *a fortiori* that plaintiffs would expect to receive considerably more than $70,000 at trial.").

Accordingly, Defendant submits that the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000, as demonstrated by Plaintiff's settlement demand.

**VII.**

This Court has jurisdiction and this action is properly removable based upon diversity of citizenship under 28 U.S.C. §1332, et seq. Pursuant to 28 U.S.C. § 1664, Dolgencorp has removed this action to this Court within the time specified by law.

**VIII.**

Attached hereto are (1) an index of all attached documents, (2) a copy of the Docket Sheet in the State Court action, (3) all executed process, (4) all pleadings (excluding discovery material) filed in the State Court action, Cause No. 2022-1155-5, in the 414th District Court of McLennan County, Texas, including any Orders signed by the state judge, and (5) a complete list of all counsel of record in the action.

<u>**NOTICE OF REMOVAL**</u> **– Page 5**

### PRAYER FOR RELIEF

Wherefore, premises considered, Dolgencorp of Texas, Inc. prays that the action now pending in the 414th District Court of McLennan County, Texas be removed to this, the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

BY: _____

Michael A. Hummert
Lead Attorney
State Bar No. 10272000
mhummert@ekvallbyrne.com
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.

### CERTIFICATE OF SERVICE

On January ___12___, 2023, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
MICHAEL A. HUMMERT

**NOTICE OF REMOVAL – Page 6**

# EXHIBIT A



**PIERCE I SKRABANEK PLLC**

December 15, 2022

***Via Email: ibarbero@ekvallbyrne.com***
Ignacio Barbero
Ekvall & Byrne, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244

  *Re: Cause No. 2022-1155-5; Alice Standifer v. Dolgencorp of Texas, Inc.; In the 414th Judicial District Court of Mclennan County, Texas.*

Dear Mr. Barbero,

  My client would like to move this case toward resolution.  In short, she will accept **$120,000.00** in exchange for a full release of your client and any carrier.  This demand is fair and reasonable in light of my client's injuries.

  Liability is clear in this case. While shopping at the Dollar General store located at 205 E Waco Drive, Waco, Texas 76704, my client slipped and fell in tomato juice spilled across the ground in "aisle 4." Ms. Standifer landed hard on the ground causing serious injury to the right side of her body. As the owner and operator of the premises, Defendant reasonably knew or should have known of tomato juice spilled across the ground. The spilled liquid posed an unreasonable risk of harm.

  As a result of the fall, Ms. Standifer sought reasonable and necessary treatment for her injuries. Ms. Standifer sought treatment at Ascension Providence two days after her fall. Dr. Dennis Plante, MD, diagnosed Ms. Standifer with a right shoulder strain, contusion of the right forearm, a lumbar strain, and contusion of the right hip. Ms. Standifer further complained of hitting her head during the fall, causing dizziness in the following days. All of these injuries support Ms. Standifer's testimony that she fell hard on her right side.

Ms. Standifer continued seeking physical therapy with Injury 1 of Waco following the accident. She was ultimately referred out for a shoulder MRI. Diagnostic imaging revealed a partial tear of the supraspinatus and infraspinatus, or the muscles surrounding her rotator cuff, and AC joint arthritis with subacromial/subdeltoid bursitis, again targeting her rotator cuff.

All of Ms. Standifer's injuries are consistent with her complaints from the incident in question. For your convenience, I have summarized Ms. Standifer's medical damages below:

***Medical Damages:***

| | |
|---|---|
| A.  Ascension Providence | $6,888.25 |
| B.  Injury 1 of Waco | $10,327.50 |
| C.  Stephen Gist, M.D. | $932.50 |
| D.  ASP Cares Pharmacy | $597.00 |
| E.  Touchstone Imaging | $1,909.00 |
| **TOTAL:** | **$20,654.25** |

This offer shall remain open until 5:00 p.m. CST on January 12, 2023. I am attaching all of the medical records and billing we have in our file.  If you think we are missing anything, please contact me by email (kade@pstriallaw.com) or calling 832-690-7000.

Regards,

*Kade M. Beyer*
Kade M. Beyer
*Attorney at Law*

# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER IN CAUSE NO. 2022-1155-5

## *Alice Standifer*

### *vs.*

## *Dolgencorp of Texas, Inc.*

# IN THE 414TH DISTRICT COURT OF McLENNAN COUNTY, TEXAS

### ✦✦✦

A.   Copy of Civil Docket Sheet from McLennan County District Clerk for Cause No. 2022-1155-5

B.   Plaintiff's Original Petition filed April 12, 2022

C.   Citation to Defendant Dolgencorp of Texas, Inc. served May 13, 2022

D.   Defendant's Original Answer filed June 3, 2022

E.   Defendant's Jury Demand filed June 3, 2022

F.   Plaintiff's Designation of Lead Counsel filed November 7, 2022

# EXHIBIT A





Civil Record Detail: Cause Number 2022-1155-5

**Home** 🏠
**Criminal** 📄
**Civil** 📄

## Cause Number
2022-1155-5

## Style 1
ALICE STANDIFER

## Style 2
DOLGENCORP OF TEXAS, INC.

## Filed Date
4/12/2022

| Event Date | Event Desc. |
|---|---|
| 11/07/2022 | PLAINTIFF'S DESIGNATION OF LEAD COUNSEL |
| 11/07/2022 | E-FILE INFORMATION SHEET |
| 09/30/2022 | E-FILE INFORMATION SHEET |
| 09/30/2022 | DEFENDANTS' NOTICE OF E-SERVING COUNTER-AFFIDAVITS |
| 09/01/2022 | E-FILE INFORMATION SHEET //PE (NOTICE) |
| 08/31/2022 | PLAINTIFF ALICE STANDIFER'S NOTICE OF FILING BUSINESS RECORD AFFIDAVITS |
| 06/06/2022 | E-FILE INFORMATION SHEET |
| 06/03/2022 | DEFENDANT'S ORIGINAL ANSWER |
| 06/03/2022 | DEFENDANTS JURY DEMAND |
| 05/17/2022 | E-FILE INFORMATION SHEET //PE (RETURN OF SERVICE) |
| 05/16/2022 | RETURN OF SERVICE |
| 04/29/2022 | CITATION ISSUED TO DOLGENCORP OF TEXAS, INC. |
| 04/28/2022 | E-FILE INFORMATION SHEET |
| 04/27/2022 | REQUEST FOR ISSUANCE |
| 04/12/2022 | E-FILE INFORMATION SHEET |
| 04/12/2022 | PLAINTIFF'S ORIGINAL PETITION |

 © 2023 Stories. All Rights Reserved

# EXHIBIT B

MCLENNAN COUNTY
4/12/2022 10:43 AM
JON R. GIMBLE
DISTRICT CLERK
Nichelle Maddison

CAUSE NO. 2022-1155-5 _____

| | | |
|---|---|---|
| ALICE STANDIFER, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC., | § | |
| | § | 414TH |
| DEFENDANT. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Alice Standifer ("Plaintiff") complains of Dolgencorp of Texas, Inc., ("Defendant") and would respectfully show unto the Court:

### I.
### DISCOVERY LEVEL

1.    Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.    The claims asserted arise under the common law of Texas.

3.    Venue is proper because all or a substantial part of the events giving rise to the incident made the basis of this case occurred in McLennan County, Texas.

4.    Plaintiff seeks recovery of damages within this Court's jurisdictional limits.

### III.
### STATEMENT REGARDING MONETARY RELIEF SOUGHT

5.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks only monetary relief no more than $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.

1

6.      Plaintiff further pleads that the amount in controversy is not greater than $75,000.00.

## IV.
## PARTIES

7.      Plaintiff is a resident of McLellan County, Texas.

8.      Defendant Dolgencorp of Texas, Inc., is a Kentucky company and is doing substantial business in the State of Texas. Defendant may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco., at 211 E. 7th St., Ste. 620, Austin, Texas 78701.

9.      To the extent that an above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, they answer in their correct legal name and assumed name.

## V.
## FACTS

10.     On or about May 15, 2020, Plaintiff was a patron in Defendant's store located at 205 E. Waco Dr., Waco, Texas 76704. While walking through Defendant's store, Plaintiff stepped in a section of the floor covered in spilled tomato juice that caused Plaintiff to slip and fall to the ground. As a result of the incident, Plaintiff sustained physical injuries and suffered damages.

## VI.
## CAUSES OF ACTION

*A.    Premises Liability*

11.     Defendant owned, occupied, and controlled the area where Plaintiff was injured.

12.     The condition of the area where Plaintiff sustained injuries posed an unreasonable risk of harm and Defendants had actual knowledge or reasonably should have known of the

unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

13.    Plaintiff was an invitee who entered Defendant's premises with Defendant's knowledge and for their benefit. Defendant has a duty to warn Plaintiff of unreasonably dangerous conditions upon their premises or to make the unreasonably dangerous condition safe. Defendant breached this duty by failing to warn Plaintiff of the known unreasonably dangerous condition and by failing to make the unreasonably dangerous condition reasonably safe. Defendant retained control over the security and safety of the premises and knew of the risk of harm of that the unreasonably dangerous condition that was both foreseeable and unreasonable.

## VII.
## DAMAGES

14.    Plaintiff seeks compensation for the following damages that resulted from this incident:

    a.  Past mental anguish of Plaintiff, and that they will, in all probability, suffer in the future;

    b.  Past physical pain and suffering of Plaintiff, and that they will, in all probability, suffer in the future;

    c.  Past or future bodily impairment and disability of Plaintiff;

    d.  The medical expenses that Plaintiff have incurred in the past and will, in all probability, continue to incur in the future;

    e.  Past and future lost wages;

    f.  Loss of earning capacity;

    g.  Cost of suit;

    h.  Disfigurement and scarring;

3

i.   Exemplary damages; and

j.   Any and all other damages to which Plaintiff may be justly entitled.

## VIII.
## JURY DEMAND

15.     Plaintiff hereby requests trial by jury and remits the appropriate fee herewith.

## IX.
## RULE 193.7 NOTICE

16.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives

actual notice to Defendant that any and all documents produced may be used against the Defendant

at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating

the documents.

## X.
## DISCOVERY TO DEFENDANT

17.     Plaintiff notifies each Defendant that Initial Disclosures are due no later than 30

days after their original answer to this petition is due. Defendant may request Plaintiff to

provide Plaintiff's First Set of Discovery Requests in advance of this deadline by emailing the

undersigned counsel.

## XI.
## PRAYER

18.     Plaintiff prays that Defendant be cited in terms of law to appear and answer herein,

that upon final trial and hearing hereof, that Plaintiff recovers damages from Defendant in

accordance with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff

recovers interest to which Plaintiff is justly entitled under law, both prejudgment and post-

judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory

4

damages; that Plaintiff recovers punitive damages; and for such other further relief; both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

_/s/ Michael L. Grinsfelder_
M. PAUL SKRABANEK
State Bar No. 24063005
MICHAEL L. GRINSFELDER
State Bar No. 24080919
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: paul@pstriallaw.com
          mgrinsfelder@pstriallaw.com
E-mail for Service: service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kerin Quiroz on behalf of M. Skrabanek
Bar No. 24063005
kerin@pstriallaw.com
Envelope ID: 63486504
Status as of 4/12/2022 1:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Office E-Service | | service@pstriallaw.com | 4/12/2022 10:43:03 AM | SENT |

# EXHIBIT C

**CITATION**

PAPER# 1
ATTY/MAIL

THE STATE OF TEXAS

DELIVERED MAY 1 3 2022

Cause No: 2022-1155-5

TO: DOLGENCORP OF TEXAS, INC., A KENTUCKY COMPANY, DEFENDANT – BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INC., 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701

GREETINGS:

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery described below, to which you must file a written answer as required by law in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**ALICE STANDIFER**                                                          Plaintiff

VS.

**DOLGENCORP OF TEXAS, INC., A KENTUCKY COMPANY**            Defendant

Court: **414TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **APRIL 12, 2022**
Discovery Requests: **REQUEST FOR DISCLOSURE**
Cause No: **2022-1155-5**

*NOTICE*

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading and discovery, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **APRIL 29, 2022.**

**MICHAEL L. GRINSFELDER**                     Jon R. Gimble, District Clerk
**3701 KIRBY DRIVE**                            501 Washington Ave., Suite 300 Annex
**SUITE 760**                                   Waco, McLennan County, Texas 76701
**HOUSTON, TEXAS 77098**                        By: _____, Deputy
Attorney for Plaintiff                                  LESLIE KROLL

**RETURN OF SERVICE**

Style: **ALICE STANDIFER VS. DOLGENCORP OF TEXAS, INC., A KENTUCKY COMPANY**
Cause No: **2022-1155-5**
Court: **414TH JUDICIAL DISTRICT**
Paper#: **1**
Pleading: **PLAINTIFF' ORIGINAL PETITION,** and Discovery, **REQUEST FOR DISCLOSURES**

Came to hand on the _____ day of _____, 20____ at _____ o'clock ____M. and executed on the _____

day of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____ o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading and discovery

attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy                    _____

Total $_____        NO SHERIFF OR CONSTABLE        _____ County, Texas
                               FEES COLLECTED
                                                              By _____


**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.


"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

# EXHIBIT D

**FILED**
**MCLENNAN COUNTY**
**6/3/2022 5:03 PM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Tiffany Madkins

CAUSE NO. 2022-1155-5

| | | |
|---|---|---|
| ALICE STANDIFER | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | McLENNAN COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| | § | |
| Defendant | § | 414TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

Dolgencorp of Texas, Inc. ("Dolgencorp"), the Defendant herein, files this, its Original

Answer to Plaintiff's Original Petition, respectfully showing unto the Court as follows:

### GENERAL DENIAL

**I.**

Subject to such stipulations and admissions as may be hereafter made, Defendant hereby

enters a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

**II.**

Pleading further, Defendant would show that Plaintiff was guilty of certain acts or

omissions of negligence, each of which, separately or concurrently, was the sole proximate cause

or, alternatively, a proximate cause of the occurrence made the basis of this suit, including but not

limited to failing to keep a proper lookout for her own safety.

**III.**

Pleading further, and in the alternative, Defendant would show that the occurrence made

the basis of this suit was the result of an unavoidable accident; that is, one not proximately caused

by the negligence of any party to it.

**DEFENDANT'S ORIGINAL ANSWER – Page 1**

**IV.**

Pleading further in the alternative, Defendant would show that the act or omission of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the acts or omissions of Defendant and the occurrence in question, and thereby became the immediate cause of such occurrence and the Plaintiff's claimed injuries and damages.

**V.**

Pleading further, Defendant would show that, pursuant to Texas Civil Practice and Remedies Code § 41.0105, any claim for medical or healthcare expenses allegedly incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

**VI.**

Pleading further, Defendant would show that, pursuant to Texas Civil Practice and Remedies Code § 18.091, evidence of alleged loss of earnings, lost wages, lost earning capacity and/or loss of contributions of a pecuniary value, if any, and to the extent such recovery is sought, must be presented by Plaintiff in the form of net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law.

**<u>PRAYER</u>**

For the above reasons, Defendant prays that upon final hearing judgment be rendered that Plaintiff recover nothing of and from Defendant, and that Defendant recover its costs in this behalf expended; further, that Defendant be granted all such other and further relief to which it may be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, LLP.

Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record herein in accordance with the Rules of Civil Procedure on the _3rd_ day of June, 2022.

MICHAEL A. HUMMERT

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 65127197
Status as of 6/6/2022 9:20 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Office E-Service | | service@pstriallaw.com | 6/3/2022 5:03:15 PM | SENT |
| Deanna Ortega | | dortega@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |
| Donna Wojcik | | dwojcik@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |
| Sandi Williams | | swilliams@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |

Associated Case Party: Dolgencorp of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |
| Ignacio Barbero | | ibarbero@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |

# EXHIBIT E

**FILED**
**MCLENNAN COUNTY**
**6/3/2022 5:03 PM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Tiffany Madkins

CAUSE NO. 2022-1155-5

| | | |
|---|---|---|
| ALICE STANDIFER | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | McLENNAN COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| | § | |
| Defendant | § | 414TH JUDICIAL DISTRICT |

## DEFENDANT'S JURY DEMAND

TO THE HONORABLE COURT:

    Defendant Dolgencorp of Texas, Inc. demands a trial by jury.

                    Respectfully submitted,

                    EKVALL & BYRNE, L.L.P.

                    Michael A. Hummert
                    State Bar No: 10272000
                    mhummert@ekvallbyrne.com
                    Ignacio Barbero
                    State Bar No: 00796162
                    ibarbero@ekvallbyrne.com
                    4450 Sigma Road, Suite 100
                    Dallas, Texas 75244
                    Telephone: 972/239-0839
                    Facsimile: 972/960-9517

                    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was e-served on counsel of record herein on the ___3rd___ day of June, 2022.

                    MICHAEL A. HUMMERT

**DEFENDANT'S JURY DEMAND** – Page 1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 65127197
Status as of 6/6/2022 9:20 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Office E-Service | | service@pstriallaw.com | 6/3/2022 5:03:15 PM | SENT |
| Deanna Ortega | | dortega@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |
| Donna Wojcik | | dwojcik@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |
| Sandi Williams | | swilliams@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |

Associated Case Party: Dolgencorp of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |
| Ignacio Barbero | | ibarbero@ekvallbyrne.com | 6/3/2022 5:03:15 PM | SENT |

# EXHIBIT F

**CAUSE NO. 2022-1155-5**

| | | |
|---|---|---|
| ALICE STANDIFER, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC., | § | |
| | § | |
| DEFENDANT. | § | 414th JUDICIAL DISTRICT |

**PLAINTIFF'S DESIGNATION OF LEAD COUNSEL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Alice Standifer (hereinafter "Plaintiff"), and pursuant to Rule 8 of the Texas Rules of Civil Procedure, hereby designates Kade Beyer and M. Paul Skrabanek of Pierce | Skrabanek, PLLC as lead counsel of record, on behalf of Plaintiff, in the place and stead of Michael L. Grinsfelder, in the above-styled and numbered cause. The information for Kade Beyer is as follows:

KADE BEYER
State Bar No. 24126170
M. PAUL SKRABANEK
Texas Bar No. 24063005
PIERCE | SKRABANEK, PLLC
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: kade@pstriallaw.com
paul@pstriallaw.com
E-service: service@psbfirm.com

Respectfully submitted,

**PIERCE | SKRABANEK, PLLC**

*/s/ Kade Beyer*
KADE BEYER
State Bar No. 24126170
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: kade@pstriallaw.com
paul@pstriallaw.com
E-service: service@psbfirm.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of this instrument has been served upon all parties of record by electronic mail, facsimile, first class or certified mail, on November 7, 2022, pursuant to the requirements of Rule 21a, Tex. R. Civ. P.

*<u>Via E-Service</u>*
Michael A. Hummert
Ignacio Barbero
Ekvall & Byrne, LLP
4450 Signma Road, Suite 100
Dallas, Texas 75244.
***Counsel for Defendant Dolgencorp of Texas, Inc***

*/s/ Kade Beyer*
_____
KADE BEYER

2

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| ALICE STANDIFER | DOLGENCORP OF TEXAS, INC. |

| (b)  County of Residence of First Listed Plaintiff  __McLENNAN__ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Kade Beyer, Pierce Skrabanek, PLLC<br>3701 Kirby Drive, Suite 760, Houston, Texas 77098<br>Phone: 832-690-7000 | Michael A. Hummert, Ekvall & Byrne<br>4450 Sigma Road, Suite 100, Dallas, Texas 75244<br>Phone:  972-239-0839 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
        Plaintiff

❏ 2   U.S. Government
        Defendant

❏ 3   Federal Question
        *(U.S. Government Not a Party)*

☒ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>     Liability<br>❏ 320 Assault, Libel &<br>     Slander<br>❏ 330 Federal Employers'<br>     Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>     Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>     Product Liability<br>☒ 360 Other Personal<br>     Injury<br>❏ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury -<br>     Product Liability<br>❏ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>❏ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>     Property Damage<br>❏ 385 Property Damage<br>     Product Liability | ❏ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>     28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>     Exchange |
| | | | **LABOR** | **SOCIAL SECURITY** | ❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts |
| | | | ❏ 710 Fair Labor Standards<br>     Act<br>❏ 720 Labor/Management<br>     Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>     Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>     Income Security Act | ❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>     Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>❏ 950 Constitutionality of<br>     State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | ❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>     Accommodations<br>❏ 445 Amer. w/Disabilities -<br>     Employment<br>❏ 446 Amer. w/Disabilities -<br>     Other<br>❏ 448 Education | **Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>     Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>     Actions | ❏ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>❏ 871 IRS—Third Party<br>     26 USC 7609 | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
        Proceeding

☒ 2   Removed from
        State Court

❏ 3   Remanded from
        Appellate Court

❏ 4   Reinstated or
        Reopened

❏ 5   Transferred from
        Another District
        *(specify)*

❏ 6   Multidistrict
        Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332

Brief description of cause:
Personal injury suit arising from alleged slip and fall on Defendant's premises on May 15, 2020

| VII.  REQUESTED IN<br>        COMPLAINT: | ❏ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ❏ No |
|---|---|---|---|

| VIII.  RELATED CASE(S)<br>        IF ANY | *(See instructions):* | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

DATE   1-12-23

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Waco                                    DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION:**

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

Cause No. 2022-1155-5
Alice Standifer v. Dolgencorp of Texas, Inc.
In the 414th District Court
McLennan County, Texas

2.      Was jury demand made in State Court?          ☒ Yes          ☐ No

If yes, by which party and on what date?

Alice Standifer                                    04-12-2022
Party Name                                         Date

**STATE COURT INFORMATION:**

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

Alice Standifer                          Kade Beyer (SB #24126170)
Plaintiff                                Pierce Skrabanek, PLLC
                                         3701 Kirby Drive, Suite 760
                                         Houston, Texas 77098
                                         Phone: 832-690-7000 Fax: 832-616-5576

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

Not Applicable

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

  Not Applicable

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

  Not Applicable

**VERIFICATION**:

  Michael A. Hummert
  Attorney for Removing Party                                   Date   1-12-23

  Dolgencorp of Texas, Inc.
  Party/Parties

  (NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary)**:

STATE COURT INFORMATION, Continued

Dolgencorp of Texas, Inc.                Michael A. Hummert (SB #10272000)
Defendant                                Ekvall & Byrne, LLP
                                         4450 Sigma Road, Suite 100
                                         Dallas, Texas 75244
                                         Phone:    972-239-0839
                                         Fax:      972-960-9517